1
2
3
4
5
6
7
8      UNITED STATES DISTRICT COURT
9      SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CHRISTOPHER HAWKINS,<br>Booking #22723786,<br><br>12                           Plaintiff,<br>13<br>14         vs.<br><br>15  SAN DIEGO POLICE DEPARTMENT;<br>JONATHAN ALLOS, Officer 7743;<br>16  PHILLIP CLAY, Officer 5969; and<br>BLASIE SCHRADER, Police Officer,<br>17                        Defendants. | Case No.: 22-CV-1726 TWR (DEB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

18
19

20     Plaintiff Christopher Hawkins, while detained at the San Diego Central Jail
21  ("SDCJ") and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C.
22  § 1983.  (*See* ECF No. 1.)  Plaintiff seeks $1,000,000,000 in general and punitive damages
23  and an "immediate TRO preventing contact" based on claims that San Diego Police
24  Officers unlawfully detained and falsely arrested him on August 24, 2019.  (*Id.* at 1–6.)
25     Hawkins has not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a),
26  but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C.
27  § 1915(a).  (ECF No. 2.)
28  / / /

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP but will nevertheless remain obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).  A "prisoner" is defined as any person who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850.  Then, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards these payments to the court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

While Hawkins has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his SDCJ Inmate Trust Account Activity Report for the 6-month period immediately preceding the filing of his Complaint.  (*See generally* ECF No. 2); *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2.  Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2) (emphasis added).

Without his certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of Hawkins's case.  *See* 28 U.S.C. § 1915(b)(1).

## II.   Conclusion and Order

For this reason, **IT IS ORDERED** that:

(1)   Hawkins' Motion to Proceed IFP (ECF No. 2) is **DENIED** and the action is **DISMISSED** without prejudice for failure to prepay the filing fee required by 28 U.S.C. § 1914(a).

(2)   Hawkins is **GRANTED** forty-five (45) days from the date of this Order in which to re-open his case by either:  (1) paying the entire $402 statutory and administrative filing fee in one lump-sum, **or** (2) filing a renewed Motion to Proceed IFP, *which includes a prison certificate and/or a certified copy of his SDCJ Inmate Trust Account Statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

(3)   The Clerk of the Court is **DIRECTED** to provide Hawkins with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience.  However, if Hawkins neither pays the $402 filing fee in full nor sufficiently completes and files a renewed Motion to Proceed IFP, *together with a certified copy of his 6-month trust account statements* within 45 days, this case will remain / / /

dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without any further Order of the Court.[2]

**IT IS SO ORDERED**.

Dated:  November 8, 2022

_____
Honorable Todd W. Robinson
United States District Judge

---

[2] Hawkins is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee or submitting a properly supported renewed Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915(a) of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").